# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America | Civ. No. 18-699 (JRT/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Rose Ann Flor, | |
| Defendant. | |

LaQuita Taylor-Phillips, Esq., U.S. Department of Justice, Tax Division, counsel for Plaintiff.

Rose Ann Flor, 9052 Jackson Avenue, Lexington, Minnesota, 55014, *pro se* Defendant.

BECKY R. THORSON, United States Magistrate Judge.

The Government filed a Petition for an order approving an administrative levy and seizure by the Internal Revenue Service upon the principal residence of Rose Ann Flor. (Doc. No. 1, Petition.) Ms. Flor filed an objection and motion to dismiss, which was referred to the undersigned for a Report and Recommendation to the district court. (Doc. No. 16, 18.) Ms. Flor also filed an emergency motion to strike the Government's pleadings. (Doc. No. 35.)[1] This Court held a hearing on the Government's Petition and Ms. Flor's motions on November 2, 2018. (Doc. No. 40.) For the reasons stated below,

---

[1] Aside from her motions to dismiss and to strike, Ms. Flor filed a variety of other submissions, all of which were considered by this Court before issuing this Report and Recommendation and Order. (*See* Doc. Nos. 10, 11, 17, 25, 26, 29, 30, 31, 36, 38, 39.)

this Court recommends that Ms. Flor's motions to dismiss and to strike be denied, and that the Government's Petition be granted.

## BACKGROUND

In its Petition, the United States seeks approval for the IRS to levy on Ms. Flor's residence, located in this Court's jurisdiction. (Pet. 3.)[2] On June 14, 2016, the IRS assessed $56,547[3] in federal income tax against Ms. Flor for the tax year 2014, along with a penalty in the amount of $11,309.40. (Doc. No. 2, Declaration of Bart Brellenthin ("First Brellenthin Decl.") ¶ 3.) As of February 16, 2018, the unpaid balance of the assessments against Ms. Flor was $92,940.19. (*Id.* ¶ 5.) Interest and statutory additions continue to accrue until the balance is fully satisfied. (*Id.*)

On or about June 30, 2016, Revenue Officer Bart Brellenthin sent a notice of intent to levy and right to an administrative hearing to Ms. Flor with respect to her

---

[2] The subject property is located at 9052 Jackson Avenue, Lexington, Minnesota, 55014. (Doc. No. 2, Declaration of Bart Brellenthin ("First Brellenthin Decl.") ¶ 8.) The property is legally described as Lot 11, Block 2, Lexington Center, Anoka County, Minnesota. (*Id.*)

[3] The IRS's records show that Ms. Flor claimed a refund of $56,547 on her 2014 federal income tax return. (Doc. No. 14, Declaration of Bart Brellenthin ("Second Brellenthin Decl.") ¶ 3 n.4.) The IRS refunded $54,193.43 to her and applied the remainder to her other tax liabilities. (*Id.*; *see also* Doc. No. 32, Supplemental Declaration of Bart Brellenthin ("Supp. Brellenthin Decl.") ¶ 3, Ex. 5 (Flor's 2014 federal income tax return).) Flor's 2014 return falsely reported the amounts of her income, withholding, and tax, resulting in the refund. (First Brellenthin Decl. ¶ 3 n.1.) The true amount of her 2014 tax withholding was only $443, but she reported withholding of $160,000. (*Id.*) The IRS subsequently reversed the overstated amount of withholding ($159,557) by assessing additional taxes of $56,547 and $103,010 on June 14, 2016 and November 28, 2016, respectively. (*Id.*, Ex. 1 at 1, 3.) Flor's 2014 return also falsely reported her income tax as $103,453 when it was only $8,780. (*Id.*) The IRS subsequently reversed the overstated amount of income tax ($94,673) by abating that amount on December 5, 2016. (*Id.*, Ex. 1 at 4.)

outstanding federal income tax liabilities. (*Id.* ¶ 6.) On or about August 4, 2016, Officer Brellenthin filed a Notice of Federal Tax Lien ("NFTL") with the Anoka County, Minnesota Recorder against Ms. Flor, and he notified Ms. Flor that the NFTL had been filed and provided information regarding her rights as a taxpayer, the IRS collection process, and the right to appeal IRS collection actions. (*Id.* ¶ 7.) Ms. Flor did not exercise her rights to a hearing or an IRS appeal. (*Id.*)

The real property records in Anoka County reflect that Ms. Flor is the sole owner of the subject property, and there are no other known occupants residing there. (*Id.* ¶ 9.) The equity in the Lexington Property is adequate to yield sufficient net proceeds to apply towards Ms. Flor's 2014 tax liabilities. (*Id.* ¶ 10.) With the exception of levying the subject property, the IRS has no other means from which to collect Ms. Flor's tax liabilities. (*Id.* ¶ 11.) The financial information Ms. Flor provided to the IRS reflects that she has no other assets of sufficient value or with sufficient equity. (*Id.*)

On March 22, 2018, this Court issued a Notice and Order to Show Cause. (Doc. No. 5.) The Notice and Order to Show Cause ordered Ms. Flor to file a written objection within thirty days demonstrating one of the following:

    a.    Your liabilities have been satisfied;

    b.    You have other assets from which the unpaid tax liabilities can be satisfied; or

    c.    Applicable laws and administrative procedures relevant to the levy were not followed by the Internal Revenue Service.

(*Id.* at 1.) The Order also explained that if Flor filed "an adequate written objection to the Petition with the Clerk of Court, then the Court will hold a hearing, at which you must

appear, to consider your objection(s)." (*Id.*) Ms. Flor filed a written objection, and this Court held a hearing on the Petition.[4]

## ANALYSIS

### I.     Petition for Levy

The Internal Revenue Code exempts certain property from levy, including "principal residences." 26 U.S.C. § 6334(e)(1). However, "[a] principal residence shall not be exempt from levy if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence." *Id.* § 6334(e)(1)(A). If the court grants the levy, the United States may sell the residence. 26 U.S.C. § 6335. The taxpayer can redeem the property within 180 days of the sale by paying the purchaser the purchase price plus interest. 26 U.S.C. § 6337(b)(1), (2).

The Department of the Treasury has issued the following regulation regarding seeking approval of a levy on a principal residence:

> **(d) Levy allowed on principal residence.** The Service will seek approval, in writing, by a judge or magistrate of a district court of the United States prior to levy of property that is owned by the taxpayer and used as the principal residence of the taxpayer, the taxpayer's spouse, the taxpayer's former spouse, or the taxpayer's minor child.
>
> **(1) Nature of judicial proceeding.** The Government will initiate a proceeding for judicial approval of levy on a principal residence by filing a petition with the appropriate United States District Court demonstrating that the underlying liability has not been satisfied, the requirements of any applicable law or administrative procedure relevant to the levy have been

---

[4]    As discussed more fully below, Ms. Flor's objections were not "adequate" within the meaning of the applicable IRS regulation, which means that Flor was not entitled to a hearing. *See United States v. Mayne*, 1:17-mc-00222-JCN, 2017 WL 6327831, at *2–3 (D. Maine Dec. 11, 2017). The Court held a hearing in any event due to Flor's *pro se* status.

met, and no reasonable alternative for collection of the taxpayer's debt exists. The petition will ask the court to issue to the taxpayer an order to show cause why the principal residence property should not be levied and will also ask the court to issue a notice of hearing.

**(2)** The taxpayer will be granted a hearing to rebut the Government's prima facie case if the taxpayer files an objection within the time period required by the court raising a genuine issue of material fact demonstrating that the underlying tax liability has been satisfied, that the taxpayer has other assets from which the liability can be satisfied, or that the Service did not follow the applicable laws or procedures pertaining to the levy. The taxpayer is not permitted to challenge the merits underlying the tax liability in the proceeding. Unless the taxpayer files a timely and appropriate objection, the court would be expected to enter an order approving the levy of the principal residence property.

26 C.F.R. § 301.6334-1(d).

The facts set forth in the First Brellenthin Declaration establish that the underlying liability has not been satisfied, that no reasonable alternative for collection of the debt exists, and that the requirements of any applicable law or administrative procedure relevant to the levy have been satisfied. (*See* First Brellenthin Decl. ¶¶ 3, 11–13.) Brellenthin explains that the IRS has "followed the requirements of all applicable law and administrative procedures relevant to a levy," which "include, but are not limited to" providing notice to Flor of each assessment and making a demand for payment on or about the date of the assessments; giving notice on June 30, 2016, to Flor of the IRS's intent to levy and her right to an administrative hearing; providing Flor notice of the federal tax lien filing made against her on August 4, 2016, and her right to an administrative hearing; notifying Flor by letter dated August 22, 2016, that the subject property will be recommended for seizure and subsequent sale if her tax liability is not paid in full by September 12, 2016; and satisfying the requirements of 26 U.S.C.

5

§ 6331(j), which include reaching a determination that the equity in the property is sufficient to yield net proceeds from a sale to be applied to Flor's unpaid 2014 federal income tax liabilities and thoroughly considering alternative collection methods, such as collecting from assets other than the subject property. (*Id.* ¶ 13.)

In her objection, Flor argues that the IRS's levy statute, 26 U.S.C. § 6331, does not apply to her because she is a private citizen and not "an employee, elected official, or officer of the United States." (Doc. No. 10, Def.'s Objection 2.) The IRS's levy power applies to the property of any person who fails to pay their taxes, not just federal employees. *See* § 6331(a); *Maloy v. Burns*, Civil No. 11-44 (DSD/JJG), 2011 WL 3610660, at *2 (D. Minn. Aug. 16, 2011) ("Congress added the cited language 'to subject the salaries of federal employees to the same collection procedure[s] as are available against all other taxpayers.' The first sentence of § 6331(a) gives the IRS authority to levy the property of 'any person liable to pay any tax.'") (quoting *Sims v. United States*, 359 U.S. 108, 112–13 (1959) and § 6331(a)).

Flor also argues that the IRS is attempting to double tax her for 2014. (Def.'s Objection 2.) Flor, however, cannot challenge the merits of the underlying tax liability in this action. *See* 20 C.F.R. § 301.6334-1(d)(2); *In re Atkins*, No. 8:08-MC-0110-T-30EAJ, 2009 WL 2187537, at *1 (M.D. Fla. May 13, 2009) (finding that taxpayer was not permitted to challenge merits of underlying tax liability in proceeding to levy principal residence).

Flor further objects to the levy because she was not served with certain IRS forms or notices, such as an IRS Form 23C, a Notice of Deficiency, or a Notice of

6

Determination Concerning Collection. (Def.'s Objection 2–3.) These forms or notices are not required in relation to levying a principal residence. *See* 20 C.F.R. § 301.6334-1(d)(2) (stating that the Taxpayer must show that "the Service did not follow the applicable law or procedures pertaining to the levy"). As stated above, Flor was issued notices of the IRS's lien filing (NFTL) and intent to levy. (*See* First Brellenthin Decl. ¶¶ 6–7.) The NFTL provides the taxpayer an opportunity to request an administrative collection due process ("CDP") hearing to protest the NFTL filing. *See* 26 U.S.C. §§ 6320(a)(1), (2)(C), (3)(B). The notice of intent to levy gives the taxpayer the opportunity to request a CDP hearing to raise issues relevant to the unpaid tax or the levy. *See* 26 U.S.C. § 6330(a)(1), (3)(B). Flor did not request a CDP hearing, so she was not entitled to a Notice of Determination Concerning Collection Action. The IRS followed "the applicable law or procedures pertaining to the levy." 20 C.F.R. § 301.6334-1(d)(2).[5]

Finally, the Court stresses that it is sympathetic to Ms. Flor's personal and economic circumstances and distress regarding the prospect of losing her home. None of Plaintiff's arguments or submissions, however, create an issue of fact as to whether the Government has satisfied the requirements to levy on a principal residence. Ms. Flor has

---

[5]  Flor also was not entitled to receive a statutory notice of deficiency following the IRS's summary assessments. *See Bonnett v. United States*, No. 8:CV95-00209, 1997 WL 331813, at *5 (D. Neb. Mar. 26, 1997) ("The IRS may summarily or immediately assess and collect any taxes that are computed and shown due on a taxpayer's income tax return."). Unlike a deficiency assessment under 26 U.S.C. § 6212, a summary assessment under 26 U.S.C. § 6201 does not require the IRS to follow certain statutory procedures before taking steps to collect a deficiency, such as sending a taxpayer a statutory notice of deficiency. *See Murray v. Comm'r of IRS*, 24 F.3d 901, 903 (7th Cir. 1994) ("Unlike a summary assessment, a deficiency assessment requires the IRS to follow a number of statutory steps before it may undertake to collect the deficiency," including sending the taxpayer a notice of deficiency).

not demonstrated that her liabilities have been satisfied, that she has other assets from which the unpaid tax liabilities can be satisfied, or that applicable laws and administrative procedures relevant to the levy were not followed by the IRS. *See* 26 C.F.R. § 301.6334-1(d)(2). Therefore, the record supports approval of the petition. *See United States v. Haynes*, 1:17-mc-222-JCN, 2017 WL 6327831, at *3 (D. Maine Dec. 11, 2017) ("Based on the unrebutted petition, the Court finds the facts are as stated in the Petition for Judicial Approval of Levy upon Principal Residence and the supporting Declaration.").

## II.     Motion to Dismiss

In her motion to dismiss, Flor objects to the Petition for levy because the IRS filed a Substitute for Return ("SFR") for the 2014 tax year without her knowledge. (Doc. No. 16, Def.'s Mot. to Dismiss 2.) Flor maintains that there are no provisions in the IRS code that gives the IRS authority to file an SFR for IRS Form 1040, and any actions taken after the SFR was filed are fraudulent and erroneous. (*Id.* at 2–3.) But Flor's contention that the IRS filed an SFR for her 2014 federal income tax year is incorrect. (Doc. No. 21, Declaration of Bart Brellenthin ("Third Brellenthin Decl.") ¶¶ 3–4.) Flor voluntarily filed a 2014 federal income tax return, and due to that filing, there was no need for the IRS to prepare or file an SFR. *See McNeil v. Comm'r*, 179 F. Supp. 3d 1, 3 (D.D.C. 2016) ("[I]f a person fails to file a tax return, the Government is required to produce a substitute return on behalf of the taxpayer . . . ."); *Ehrig v. United States*, 308 B.R. 542, 549 (N.D. Okla. 2004) ("A 'substitute for return' is a means by which the IRS may prepare a return for a taxpayer when the taxpayer fails to file a return . . . .").

Flor also argues that jurisdiction over IRS-related matters is vested in the United State Tax Court, not the United States District Court. (Def.'s Mot. to Dismiss 3–4.) Flor filed an action in Tax Court, but that case was dismissed on August 6, 2018, for lack of jurisdiction. (*See* Doc. No. 34, Gov't's Resp. 1 n.1.)[6] Contrary to Flor's argument, the Internal Revenue Code explicitly vests jurisdiction in the district court to approve a levy upon a principal residence. *See* 26 U.S.C. § 6334(e).

For these reasons, Ms. Flor's motion to dismiss should be denied.

### III.    Motion to Strike

Finally, Ms. Flor filed a motion to strike the Government attorney's filings and the Declarations of Revenue Officer Bart Brellenthin. (Doc. No. 35, Def.'s Mot. to Strike.) Flor states that these filings are "entirely a product" of their "deflective imagination." (*Id.* at 1.) Flor offers no basis to support this assertion or to strike any documents from the record.

---

[6]    The Tax Court dismissed Flor's case on the grounds that no notice of deficiency or notice of determination under 26 U.S.C. §§ 6320 or 6630 was issued to Flor for taxable years including 2014 that would permit Flor to invoke the court's jurisdiction. (Doc. No. 34, Gov't's Resp. 1.) The Tax Court also warned Flor that it would consider imposing a penalty for filing frivolous or groundless actions if she sought similar relief in future cases. (*Id.* at 1–2.)

9

## RECOMMENDATION

For the reasons stated above, and based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Flor's motion to dismiss (Doc. No. 16) be **DENIED**;

2. Flor's motion to strike (Doc. No. 35) be **DENIED**; and

3. The Petition for an order approving the administrative levy on the real property located at 9052 Jackson Avenue, Lexington, Minnesota 55014, legally described as Lot 11, Block 2, Lexington Center, Anoka County, Minnesota (Doc. No. 1), be **GRANTED**, to be executed by any authorized officer of the IRS.


Date: November 30, 2018.          *s/ Becky R. Thorson*_____
                                  BECKY R. THORSON
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report on or before **fourteen days** from the issuance of this Report and Recommendation. A party may respond within fourteen days to those objections. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).