**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ANN FLOR,<br><br>Defendant. | Civ. No. 18-699 (JRT/BRT)<br><br>**MEMORANDUM OPINION & ORDER ADOPTING REPORT AND RECOMMENDATION** |

LaQuita Taylor-Phillips, **U.S. DEPARTMENT OF JUSTICE, TAX DIVISION,** P.O. Box 7238, Ben Franklin Station, Washington, DC 20044, for plaintiff.

Rose Ann Flor, 9052 Jackson Avenue, Lexington, MN 55014, *pro se* defendant.

Defendant Rose Ann Flor falsely reported her income, withholding, and tax in her federal tax return for the year 2014, resulting in an erroneous tax refund of $54,193.43. (Decl. of Bart Brellenthin ("Brellenthin Decl.") ¶ 3 n. 1, Mar. 13, 2018, Docket No. 2.) By February 2018, the IRS had assessed a debt of $92,940.19 in federal income tax, penalty, and interest owed by Flor. (Brellenthin Decl. ¶ 5 & Ex. 2.) Interest and statutory additions will continue to accrue until the balance is satisfied. (Brellenthin Decl. ¶ 5.)

On June 30, 2016, the IRS sent Flor a notice of intent to levy and right to an administrative hearing. (*Id.* ¶ 6 & Ex. 1 at 3.) On August 4, 2016, the IRS filed a Notice of Federal Tax Lien ("NFTL") with the Anoka County, Minnesota Recorder, notified Flor

of the filing, and reiterated her right to appeal IRS collection actions. (Brellenthin Decl. ¶ 7.) Flor did not request a hearing or file an appeal. (*Id*.)

On March 13, 2018, the United States filed a Petition for Judicial Approval of a Levy Upon and Seizure of a Principal Residence (the "Petition"), seeking levy and seizure of Flor's principal residence, located at 9052 Jackson Avenue, Lexington, Minnesota. (Pet., Mar. 13, 2018, Docket No. 1.) As required by 26 C.F.R. § 301.6334-1(d)(2, the government asserted that: (1) Flor's tax liability was not satisfied; (2) the government had met the requirements of all applicable law and administrative procedures; and (3) no reasonable alternative existed for the collection of Flor's debt. (Pet. ¶ 4.) The financial information Flor shared with the IRS indicated that, other than her principal residence, Flor had no assets of value. (Brellenthin Decl. ¶ 11.)

In March 2018, Magistrate Judge Thorson issued a Notice and Order to Show Cause ordering Flor to file a written objection demonstrating that: (1) her liabilities were satisfied; (2) she had assets other than her principal residence from which her liabilities could be satisfied; or (3) the IRS did not follow applicable laws and administrative procedures relevant to the levy. (March 22, 2018, Docket No. 5.) On July 6, 2018, Flor filed an objection with a motion to dismiss for lack of personal jurisdiction. (Obj. & Mot. to Dismiss, Docket No. 6.) In her objection and motion to dismiss, Flor argued that the IRS's levy statute, 26 U.S.C. § 6331, does not apply to her; that she was double-taxed for the 2014 year; that she was not served with the proper forms and notices; that the IRS unlawfully filed a Substitute for Return ("SFR") without her knowledge; and that the U.S. District Court lacks jurisdiction over this matter. (*Id.* at 2-4.) While a hearing on the

objections was pending, Flor filed a "Motion to Strike Plaintiff's Responses to Defendant's Pleadings." (Mot. to Strike, Oct. 29, 2018, Docket No. 35.)

After a hearing on Flor's motions, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court grant the government's Petition and deny Flor's motion to dismiss and motion to strike. (R&R at 2, Nov. 30, 2018, Docket No. 41.) The Magistrate Judge made the following findings: (1) the United States made a prima facie showing that Flor's liabilities were not satisfied, that it could not satisfy the liabilities by seizing other assets, and that it followed the appropriate law and notice procedures, (*id*. at 5-7); (2) the IRS's levy statute, 26 U.S.C. § 6331, applies to Flor, and her status as a non-federal employee is immaterial, (*id.* at 6); (3) Flor cannot challenge the merits of her tax liability in this action, (*id.*); (4) contrary to Flor's contentions, the United States had not filed an SFR for the 2014 tax year, (*id.* at 8); (5) 26 U.S.C. § 6334(e) explicitly vests jurisdiction in the district court to approve a levy upon a principal residence, (*id.* at 9); and (6) Flor offered no basis to support striking documents from the record, (*id.*).

Flor now objects. (Objs. to R&R, Dec. 19. 2018, Docket No. 43; Objs. To R&R, Jan. 11, 2019, Docket No. 47.) Because Flor's due process and equal protection rights were not violated and the Court has jurisdiction over this matter, the Court will overrule Flor's objections and adopt the R&R in full.

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ.

P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). To be proper, the objections must specifically identify the portions of the R&R to which the party objects and explain the basis for the objections. *Turner v. Minnesota*, No. 16-3962, 2017 WL 5513629, at *1 (D. Minn. Nov. 17, 2017). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II. FLOR'S OBJECTIONS

Flor argues that the recommendation that the Court grant the Petition violates her due process rights. While the Court is sensitive to the hardships attending Ms. Flor's circumstances, it finds that her due process rights have not been violated. The law allows for levy of principal residences upon written approval of a district court of the United States. 26 U.S.C. § 6334(e)(1)(A). In turn, the IRS must seek approval via written petition and demonstrate that: (1) the taxpayer has an outstanding liability, (2) legal and administrative requirements have been met, and (3) no alternative for collecting the taxpayer's debt exists. 26 C.F.R. § 301.6334-1(d)(1). The IRS submitted declarations and notices showing that the United States met its obligations and that levy of Flor's principal residence is the only available means of collecting her debt. (*See* Brellenthin Decl. ¶ 3 & Ex. 1, ¶ 4, ¶ 5 & Ex. 2, ¶¶ 6-7, 11, 13.)

When the government makes such a prima facie showing, the taxpayer must file an objection "raising a genuine issue of material fact" as to any of the above requirements. 26 C.F.R. § 301.6334-1(d)(2). While Flor argues in her objection that the government did not send her the requisite notices, did not follow the proper procedures, and improperly filed an SFR, none of these contentions has merit. As the Magistrate Judge found, the government sent Flor all required notices, including the NFTL and notice of intent to levy. As required by law, both notices gave Flor the opportunity for an administrative due process hearing. (R&R at 7; Brellenthin Decl. ¶¶ 6-7 & Ex. 1 at 3, 5.) *See* 20 C.F.R. § 301.6334-1(d)(2); 26 U.S.C. §§ 6320(a)(3)(B); § 6330(a)(3)(B). As such, Flor has not raised a genuine issue of material fact as to whether the IRS followed applicable law or procedures.

Flor also maintains that the Court lacks jurisdiction over this matter. The Court assumes that Flor is arguing that proper jurisdiction lies with the United States Tax Court. However, as the Magistrate Judge correctly stated, 26 U.S.C. § 6334(e)(1)(b) grants the district courts of the United states "exclusive jurisdiction" to approve a levy of a principal residence. Thus, this Court unquestionably has jurisdiction to grant the Petition in this case.

Flor further argues that this action has deprived her of her right to equal protection under the law in violation of 28 U.S.C. § 2072. That statute states that the United States Supreme Court has "the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts," so long as those rules do not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072(a)-(b). Flor has

not explained how this statute applies to her case. Moreover, the Court has already found that Flor's due process rights were not violated, and Flor has not presented any argument as to violation of her right to equal protection. As such, Flor's argument has no merit.

Finally, Flor asserts that she intends to tender payment in full, which would render this action moot. Because Flor's liabilities remain outstanding, her assertion has no effect on this action.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objections to the Magistrate Judge's Report and Recommendation [Docket No. 43; Docket No. 47] are **OVERRULED;**

2. The Report and Recommendation of the Magistrate Judge [Docket No. 41] is **ADOPTED;**

3. Defendant's Objection and Motion to Dismiss [Docket No. 16] is **DENIED.**

4. Plaintiff's Petition for Judicial Approval of a Levy Upon and Seizure of a Principal Residence [Docket No. 1] is **GRANTED;** and

5. Defendant's Motion to Strike [Docket No. 35] is **DENIED.**

DATED: January 23, 2019            \_\_\_\_\_s/John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
           Chief Judge
           United States District Court